Eastern District of Kentucky
F I L E D
JAN 30 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

ROBERT L. BERTRAM, JR., )
)
Petitioner, ) Civil No. 0:19-008-HRW
)
v. )
)
J.C. STREEVAL, Warden, ) **MEMORANDUM OPINION**
) **AND ORDER**
Respondent. )
)

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert L. Bertram, Jr. is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Bertram filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1], as well as an "emergency motion for release to direct home confinement" [D. E. No. 3]. For the reasons set forth below, the Court will deny Bertram's petition and motion without prejudice.

In 2017, Bertram was convicted of multiple counts of health care fraud, and the trial court sentenced him to 21 months in prison. *See United States v. Bertram*, No. 3:15-cr-014-GFVT (E.D. Ky. 2018). Bertram then filed a direct appeal, but the United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence. *See id.* at D. E. No. 469. Bertram is currently projected to be released

1

from federal prison on September 8, 2019. *See* Bureau of Prisons (BOP) Inmate Locator, https://www.bop.gov/inmateloc/ (last visited January 29, 2019).

Bertram has now filed a § 2241 petition and accompanying motion with this Court. In those submissions, Bertram claims that, pursuant to the First Step Act of 2018, he is entitled to additional good time credit toward the service of his sentence. Bertram then claims that, once the additional good time credit is considered, he is entitled to be placed in home confinement "on or about February 24, 2019," rather than on July 7, 2019, which is the "home detention eligibility date" currently listed on his BOP sentence computation sheet. In the end, Bertram asks this Court to "instruct the BOP to place [him] in direct home confinement for the maximum amount allowable." [D. E. No. 1 at 8].

The Court has conducted an initial screening of Bertram's petition pursuant to 28 U.S.C. § 2243 and concludes that his request for relief must be denied without prejudice. That is because the United States Court of Appeals for the Sixth Circuit has made it clear that "federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Here, Bertram acknowledges that he did not fully exhaust his administrative remedies before filing his petition. And while Bertram claims that exhaustion would have been futile, he does not adequately explain why that would be the case; after all, through the exhaustion

process, the BOP could possibly provide him with timely relief regarding this matter. In short, Bertram has not clearly demonstrated that an exception to the exhaustion requirement applies in this case.

Accordingly, it is **ORDERED** as follows:

1. Bertram's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED** without prejudice.

2. Bertram's "emergency motion for release to direct home confinement" [D. E. No. 3] is **DENIED** without prejudice.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 30th day of January, 2019.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

3